**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ESIN GARASOV,**<br>**Petitioner,**<br>**v.**<br>**J.L. JAMISON, *et al.*,**<br>**Respondents.** | **CIVIL ACTION NO. 26-8387** |

# MEMORANDUM OPINION

**Rufe, J.** **November 6, 2026**

Petitioner Esin Garasov brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS") as unlawful. Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the substantive and procedural portions of the Fifth Amendment Due Process Clause. The government opposes the Petition but concedes that the Third Circuit and courts in this District "uniformly have rejected [its] position in a large number of prior cases that cannot be distinguished here."[1] As always, this Court will conduct an individualized analysis of the facts and the law to make its ruling.

## I. Background

Petitioner is a national and citizen of Russia and a member of the Kalmyk ethnic minority.[2] Petitioner entered the United States with his wife and his two-year old son in May 2022, at which point DHS detained the family for several days and subsequently released them on humanitarian parole under 8 U.S.C. § 1182(d)(5) while Petitioner pursued asylum

[1] Resp. 2 [Doc. No. 6].

[2] Pet. ¶ 1 [Doc. No. 1].

applications.[3] Since 2022, Petitioner has resided in Philadelphia, where he has submitted a timely application for asylum, attended immigration court hearings, and obtained employment authorization and a social security card.[4]

In January 2024, police in Florida arrested Petitioner for driving under the influence, a first-degree misdemeanor for which he pleaded guilty and received a sentence of six months' probation.[5] On October 26, 2026, Petitioner was arrested by Philadelphia police the day after his "neighbors called the police . . . and reported a verbal argument" at his home.[6] Petitioner was charged with aggravated assault, simple assault, and reckless endangerment, and his first court hearing is scheduled for November 10, 2026.[7] Petitioner was released on bail and returned home, and he has not yet had the opportunity to contest the charges against him.[8]

On October 28, 2026, an administrative warrant for Petitioner's arrest was issued in connection with his ongoing removal proceedings.[9] The following day, ICE agents arrested Petitioner without notice outside his home while he was taking the trash out.[10] The agents detained Petitioner at the Philadelphia Federal Detention Center, where he remains in custody.[11]

On November 3, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus.[12] The same day, this Court entered an order directing the government to show cause as to why the

---

[3] *Id.* ¶ 2, 24.

[4] *Id.* ¶ 2.

[5] *Id.* ¶ 27; Resp. 3.

[6] Pet. ¶ 27; *see* Resp. 3.

[7] Pet. ¶ 27; *see* Resp. Ex. A (Criminal Complaint) [Doc. No. 6-1].

[8] Pet. ¶ 27.

[9] Resp. 4.

[10] *Id.*; Pet. ¶¶ 3, 28.

[11] Pet. ¶¶ 3, 29.

[12] *Id.*

Petition should not be granted, setting a hearing for November 6, 2026, and prohibiting Petitioner's transfer from this Court's jurisdiction.[13] On November 4, 2026, the parties "stipulate[d] and agree[d] that the petition may properly be decided on the papers" and "request[ed] that the Court cancel the hearing scheduled for November 6."[14] The Court entered an order granting the parties' request.[15] Having received the government's response and Petitioner's reply thereto, the Court now evaluates the Petition.

## II. LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 petition where Petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[16] The petitioner has the burden of showing that the detention violates the Constitution of the United States or federal law.[17]

## III. DISCUSSION

Petitioner argues that his detention violates the INA and Due Process Clause because he is not an "arriving" noncitizen and he is being detained without the opportunity for a bond hearing and an individualized evaluation of the need to detain him.

### A. INA Claim

Petitioner challenges his detention under 8 U.S.C. § 1225(b)(2)—a mandatory detention provision of the INA—because he is not, as the statute requires, an "arriving" noncitizen or a

[13] 11/3/26 Order [Doc. No. 2].

[14] Stipulation [Doc. No. 4].

[15] 11/5/26 Order [Doc. No. 5].

[16] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[17] 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

noncitizen "seeking admission."[18] Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if [an] examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . . ."[19] Critically, "§ 1225(b) governs noncitizens arriving to the United States whereas [8 U.S.C.] § 1226 governs those already within our borders."[20]

The government concedes that it is detaining Petitioner—who has resided in Philadelphia on humanitarian parole for over four years[21]—as an "arriving" noncitizen under § 1225(b)(2), but it nonetheless claims that the detention is lawful.[22] That is a brazen assertion and course of action. As the government well knows, the Third Circuit Court of Appeals has directly rejected its position, holding that § 1225(b)(2) applies *only* to noncitizens actively "*arriving to* the United States"—at the border or a port of entry—*not* those, like Petitioner, "already within our borders."[23] Indeed, the government admits, as it must, that "members of this Court uniformly have rejected [its] position in a large number of prior cases that cannot be distinguished here," and that the Third Circuit has "concluded that noncitizens in the interior may not be detained without a bond determination."[24] Nevertheless, the government takes this opportunity to "note [its] position regarding the applicability of Section 1225" to individuals like Petitioner.[25] The government has flaunted binding precedent in this Circuit by depriving Petitioner of his

---

[18] Pet. ¶¶ 4–6; 8 U.S.C. § 1225(b)(2).

[19] 8 U.S.C. § 1225(b)(2)(A).

[20] *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 299 (3d Cir. 2026).

[21] Pet. ¶ 2.

[22] Resp. 1–2.

[23] *Buele Morocho*, 189 F.4th at 299 (emphasis added).

[24] Resp. 2, 4 (citing *Buele Morocho*, 189 F.4th at 304).

[25] Resp. 2.

fundamental freedom from detention, seemingly to advance a policy goal and "note" a rejected legal theory. That is unacceptable. No one—including DHS and ICE—is above the law.

As a noncitizen already within the United States, Petitioner may not be detained under § 1225(b)(2). Rather, Petitioner may be detained pursuant to the INA only if, under *§ 1226(a)*, he receives a bond hearing and the facts demonstrate that he poses a risk of flight or danger to the community.[26] Yet, the government insists that Petitioner is detained under § 1225(b)(2), which provides no opportunity for a bond hearing.[27] As the government makes no argument that Petitioner is detained under any provision other than § 1225(b)(2), his present detention is unlawful. Because Petitioner's detention without a bond hearing violates the INA, the Court need not reach his due process arguments.

**B. Remedy**

After conceding that it is detaining Petitioner unlawfully, the government then asks the Court not to release him. The government instead requests that the Court issue a conditional writ requiring Petitioner's release only if the government fails to afford him a bond hearing at a later date.[28] The government asserts that the appropriate remedy for a successful habeas petitioner "is *usually* a conditional writ."[29] That is misleading. True enough, a court *may* issue a conditional writ ordering a petitioner's release only if the government fails to cure the defect at issue.[30] But "a court has broad discretion" in determining what form of habeas relief is appropriate, and, in a

[26] *See Bautista Calles v. Jamison*, No. 26-CV-5539, 2026 WL 2322469, at *4 (E.D. Pa. Aug. 11, 2026); 8 U.S.C. § 1226.

[27] Resp. 1–2, 4–5.

[28] *Id.* at 5–6.

[29] *Id.* at 6 (emphasis added) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)).

[30] *Hilton*, 481 U.S. at 775.

case like this one, the onus is on the government to demonstrate that a conditional writ is necessary in place of the traditional habeas remedy of release.[31]

The government argues that the pending charges against Petitioner support the issuance of a conditional writ rather than a release order. The offenses with which Petitioner is charged are serious, and the Court does not take them lightly. However, the foundational principle of our system of justice is that an individual is innocent until proven guilty. Here, Petitioner has not yet had the opportunity to even begin to contest the charges against him, much less face a verdict on his guilt or innocence.[32] Moreover, the state court, which is best positioned to understand the details of these charges, has not found that Petitioner poses a risk of flight or danger to the community because it released him on bail and returned him home.[33] In addition, the government makes no claim that it is detaining Petitioner under 8 U.S.C. § 1226(c) as an individual convicted of or charged with certain crimes. Instead, the government relies solely on § 1225(b)(2), a provision that does not provide it with the authority to detain Petitioner.

If the government wished to hold Petitioner in custody based on a risk determination, it should have detained him *lawfully*. Instead, the government chose to detain Petitioner unlawfully. The Court will not reward the government's disregard for the law by allowing it to continue detaining Petitioner until some possible later date. "Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."[34] Therefore, for the reasons discussed above, the proper remedy for Petitioner's unlawful detention in this case is release. If the government wishes to detain Petitioner again in the future, it may do

---

[31] *Id.*; *see Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release.").

[32] Pet. ¶ 27.

[33] *Id.*

[34] *Munaf*, 553 U.S. at 693.

so by following the processes the law requires by making its case for an individualized determination of Petitioner's risk at a bond hearing before a neutral immigration judge.

## IV. Conclusion

For the reasons stated herein, the Petition for a Writ of Habeas Corpus will be granted, and the Court will order Petitioner's immediate release. An order will be entered.